IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-136-2BR

UNITED STATES OF AMERICA,

v.  ORDER

STANLEY GARFIELD WILLIAMS, JR.

This matter is before the court on defendant's request for early termination of "probation." (DE # 224.) Defendant is serving a five-year term of supervised release, and therefore, the court considers his request under 18 U.S.C. § 3583(e). Under that provision,

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e).

According to defendant, several reasons support his request. He has been on supervised release for more than four years. During that time, he claims he has paid all monetary obligations as a result of his conviction and has not had any contact with law enforcement or committed any crimes. He also states that his supervising probation officer has no objection to early termination. Early termination of supervised release would enable him to travel to out-of-state tournaments, which he claims he cannot do now. Defendant cites to his volunteer activities and that he is "attempting to put this regrettable chapter" behind him.

At the outset, the court notes that ordinarily, if a defendant's supervising probation

officer supports early termination of supervised release, that officer makes a request for early termination to the court. Obviously, that procedure has not occurred here. Also, contrary to defendant's representation, according to the court's records, defendant *has* had contact with law enforcement since he has been on supervised release. (See DE # 223.) Finally, it appears defendant's primary motivation for early termination is to travel out-of-state. Defendant *can* travel out-of-state, provided his supervising probation officer approves. (See J., DE # 143, at 3.)

While the court commends defendant for his community involvement and remaining a law-abiding citizen, the court concludes, at this time, the interest of justice would not be served by the early termination of defendant's supervised release term. Defendant's request is DENIED.

This 25 September 2019.

_____
W. Earl Britt
Senior U.S. District Judge